IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SKILSTAF, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:08-cv-253-WKW |
| ) | [wo] |
| CONTINENTAL CASUALTY COMPANY, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiff's Motion to Remand (Doc. # 7). The case is due to be remanded because the court does not have jurisdiction, which leaves other pending motions to be resolved in state court.

**I. FACTS AND PROCEDURAL HISTORY**

On December 17, 2003, Plaintiff Skilstaf, Inc. ("Skilstaf") commenced an action in the Circuit Court of Tallapoosa County, Alabama, against Defendant Continental Casualty Company ("Continental") and South Trust Bank. (Notice of Removal ¶ 1.) It is averred that Skilstaf and SouthTrust Bank ("SouthTrust") are Alabama citizens and that Continental is an Illinois citizen. (*Id*.) After years of litigation, including an appeal to the Alabama Supreme Court and remand to the trial court, Continental's cross-claims against SouthTrust were dismissed on January 24, 2007, and Skilstaf's claims against SouthTrust were dismissed on February 5, 2007. (*Id*. ¶¶ 1-8.) On March 5, 2008, Skilstaf filed a Second Amended

Complaint seeking indeterminate money damages from Continental. (*Id.* ¶ 8; Second Am. Compl.) Continental removed the case on April 4, 2008, asserting diversity jurisdiction. (Notice of Removal ¶ 11.) One week later, Skilstaf filed the instant motion to remand. The parties have fully briefed the motion.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. ANALYSIS

Continental asserts diversity jurisdiction, admitting that "the *Second Amended Complaint* does not set forth the amount of damages claimed," but imploring the court to review the removal documents because "it is clear that if the allegations of the Second Amended Complaint are proven, the amount in controversy requirement of $75,000.00 will be satisfied." (Notice of Removal ¶ 12.) However, before the court even reaches the question of the amount in controversy, it must determine whether Continental's removal was timely.

"[A] case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Having commenced the action in 2003, Skilstaf argues that the removal was untimely and, thus, the action must be remanded. Continental, on the other hand, heroically argues for the application of the revival exception to the one-year limitation on removal. The Eleventh Circuit Court of Appeals has not recognized the revival exception and, in fact, has implied that there are no exceptions to the one-year bar. *See Burns*, 31 F.3d at 1097 n.12. Moreover, other courts in this district have concluded that there are no exceptions to the statute. *Russaw v. Voyager Life Ins. Co.*, 921 F. Supp. 723, 724-25 (M.D. Ala. 1996); *Davis v. Ocwen Fed. Bank, FSB*, No. 05-1229, 2006 WL 155241, at *2 (M.D. Ala. Jan. 19, 2006). Notwithstanding the Fifth Circuit's decision to allow equitable exceptions, *see Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), the court agrees with the reasoning of *Russaw* and *Davis* and holds that the one-year limitation on removal is absolute.

Because Continental's removal was untimely, the court need not analyze the amount in controversy. The case is due to be remanded.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that:

1. The plaintiff's Motion to Remand (Doc. # 7) is GRANTED;

2. This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama;

3. The Clerk is DIRECTED to take all steps necessary to effect the remand; and

4.      Any pending motions are left for resolution by the Circuit Court of Tallapoosa County, Alabama.

DONE this 22nd day of July, 2008.

                           /s/   W.  Keith Watkins  
                         UNITED STATES DISTRICT JUDGE